IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY ROBINSON, | : | |
| **Plaintiff** | : | **Civ. No. 1:15-cv-1610** |
| | : | |
| v. | : | |
| | : | |
| **SCI CAMP HILL MEDICAL** | : | **Judge Sylvia H. Rambo** |
| **DEPARTMENT, et al.,** | : | |
| | : | **Magistrate Judge Carlson** |
| **Defendants** | : | |

# M E M O R A N D U M

Before the court is an August 19, 2015 report and recommendation

("R&R") of the magistrate judge to whom this matter was referred (Doc. 5), in

which he recommends that Plaintiff Robinson's complaint filed pursuant to Title

42 § 1983, alleging a violation of the Eighth Amendment, be dismissed without

prejudice to file an amended complaint to correct the defects in his original

complaint cited in the report and recommendation.

On September 14, 2015, Robinson requested an extension of time to file

objections to the R&R.  (Doc. 6.)  Robinson was granted an extension of time to

November 9, 2015 to file objections.  (Doc. 7.)  Robinson filed objections to the

R&R on November 2, 2015.  (Doc. 9.)

In his complaint, Robinson named as defendants, SCI Camp Hill Medical

Department and Mr. Shoop, Camp Hill Health Care Administrator.  In the

complaint, Shoop is only named in the caption and nowhere in the body of the

complaint is there an allegation of Shoop's actions or inactions concerning Plaintiff's medical treatment.

In his objections to the R&R, Robinson claims that he spoke to Shoop about his claims of inadequate medical treatment. However, objections to the R&R are not the proper procedure to supplement a complaint. Robinson can cure this deficiency in an amended complaint which he was advised to do in the magistrate judge's recommendation.

In his objections, Robinson repeats his allegations regarding his medical treatment as medical malpractice claims and does not allege facts to support a violation of the Eight Amendment. To establish a violation of the Eight Amendment, a plaintiff must show that state officials were deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

In the R&R, the magistrate judge addresses that claims of medical malpractice do not amount to a constitutional violation and explains that, to the extent that Robinson is attempting to state a medical malpractice lawsuit under state law, he must comply with Pennsylvania Rule of Civil Procedure 1042.3, which requires the filing of a valid certificate of merit along with his medical negligence claim. This Robinson has not done and he has not addressed this issue in his objections.

The R& R will be adopted.  An appropriate order will issue.


                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: November 12, 2015