# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY ROBINSON,** | : | CIVIL NO. 1:15-CV-1610 |
| **Plaintiff,** | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Carlson) |
| **SCI CAMP HILL MEDICAL DEPARTMENT, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

The *pro se* plaintiff, Gary Robinson, is a state inmate who was formerly housed at the State Correctional Institution (SCI) Camp Hill. (Doc. 3.) On June 29, 2015, Robinson filed a *pro se* civil complaint which named one institutional defendant, the SCI Camp Hill Medical Department, and one individual defendant, Mr. Shoop. While Mr. Shoop was named in the caption of this case, Robinson's factual narrative contained no reference to any actions taken, or foregone, by Mr. Shoop .

Instead, Robinson's complaint described a episode of what he believed to have been medical negligence. According to Robinson, in December 2013, he was experiencing abdominal pain while housed at SCI Camp Hill. Robinson was seen

1

several times over the course of a week by prison medical personnel, who prescribed a liquid diet for Robinson and placed him in the infirmary for 24 hours. Despite these medical precautions, Robinson claimed that his conditions worsened, allegedly due to an undiagnosed bowel obstruction. The plaintiff passed out while at the prison infirmary and was rushed outside the institution for emergency surgery and treatment. (Id.) Alleging that he experienced significant pain and suffering due to the defendants' "medical negligence", Robinson demanded $325,000 in compensatory damages. (Id.)

Along with his complaint, Robinson filed a motion for leave to proceed *in forma pauperis*. (Doc. 1.) We granted leave to proceed *in forma pauperis* in this case, but as part of our legally-mandated screening review we found that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, we recommended that the Court dismiss the complaint without prejudice to the plaintiff endeavoring to address the legal deficiencies identified in this Report and Recommendation. (Doc. 5.) On November 12, 2015, the district court adopted this Report and Recommendation and provided Robinson an opportunity to amend his complaint. (Docs. 10 and 11.) We then extended Robinson's deadline for amendment of this complaint, (Doc. 15), but to no avail. Robinson has not amended this pleading and the extended deadline for amendment of this complaint has now long since passed.

On these facts we are constrained to recommend that Robinson's complaint be dismissed with prejudice.

**II.   Discussion**

While our initial screening analysis called for dismissal of this action, the Court provided the plaintiff a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, Robinson was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F.

App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).
>
> Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

Indeed, this course of action has also been the past practice of this court when confronted with litigants who refuse to abide by instructions to timely amend their pleadings. See e.g., Robertson v. Samuels, No. 3:13–CV–2500, 2014 WL 347007, at *3 (M.D.Pa. Jan. 30, 2014) aff'd, 593 F. App'x 91 (3d Cir.2014) cert. denied, 135 S.Ct. 1565, 191 L.Ed.2d 650 (2015). Therefore it is recommended that the complaint now be dismissed with prejudice as frivolous for failure to state a claim without further leave to amend. Kelly v. Merrill, No. 1:14-CV-2322, 2015 WL 9703766, at *2 (M.D.

Pa. Dec. 22, 2015), report and recommendation adopted, No. 1:14-CV-2322, 2016 WL 164096 (M.D. Pa. Jan. 14, 2016).[1]

---

[1] Robinson has advised us that he is unable to prepare an amended complaint without the assistance of counsel. (Doc. 16.) While we appreciate the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must first: "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf." Parham v. Johnson, 126 F.3d at 457.

There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United states Court of Appeals for the Third Circuit has aptly observed: "Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: 'Volunteer lawyer time is a precious commodity.... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer

5

## III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of

---

available for a deserving cause. We cannot afford that waste.' Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989)." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). In this case our analysis of these factors has led us to conclude that counsel should not be appointed in this case as part of a speculative effort to try to identify any viable legal claims since we are enjoined that we must first: "[D]etermine[] that the plaintiff's claim has some merit. . . .," when making appointment decisions. Parham v. Johnson, 126 F.3d at 457. Here, Robinson has not submitted a legally sufficient complaint and many of his claims plainly fail as a matter of law. In the absence of a showing of meritorious claims the appointment of counsel would be inappropriate.

that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of April, 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
