IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY ROBINSON, SR.,**  :<br>  **Plaintiff**  :<br>  :<br>v.  :<br>  :<br>**S.C.I. CAMPHILL'S MEDICAL**  :<br>**DEPARTMENT,** *et al.*,  :<br>  :<br>  **Defendants**  : | **Civ. No. 1:15-cv-1610**<br><br>**Judge Rambo**<br><br>**Magistrate Judge Carlson** |

# **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which he recommends that Plaintiff Robinson's *pro se* civil rights complaint, filed pursuant to 42 U.S.C. § 1983, be dismissed with prejudice for failure to state a claim and for failure to file an amended complaint by January 25, 2016. (Doc. 17.) Robinson has filed objections to the report and recommendation in which he argues that the failure of this court to appoint him counsel has been in error and that, if he had counsel, his case would have survived. (Doc. 18.)

**I.     Background**

Robinson initially filed his complaint against SCI Camp Hill Medical Department and a Mr. Shoop. The magistrate judge granted Robinson *in forma pauperis* standing but thereafter performed a legally mandated screening of the complaint pursuant to 28 U.S.C. § 1915A.

As part of that review, the magistrate judge found that the complaint was fatally flawed on several grounds. The complaint failed to state a constitutional claim under the Eighth Amendment to the United States Constitution which prohibits cruel and unusual punishment. (Doc. 5, pp. 9-13.) The complaint named an agency of the Commonwealth of Pennsylvania which is prohibited by the Eleventh Amendment to the Constitution. (*Id.*, pp. 13-16.) The claim against Defendant Shoop was predicated solely on the basis of respondeat superior, which cannot state a cause of action. (*Id.* at pp. 16-18.) Finally, Robinson's claim was a claim of medical malpractice, which required compliance with Pennsylvania Rule of Civil Procedure 1042.3, requiring the filing of a valid certificate of merit. (*Id.* at pp. 18-23.)

Having thoroughly set forth the defectiveness of the complaint, the magistrate judge gave Robinson an opportunity to file an amended complaint. Robinson was given 20 days to do so from the date of this court's order of November 12, 2015. (Doc. 11.) He was granted two extensions of time to file an amended complaint, first to January 1, 2016, and then to January 25, 2016. No amended complaint was filed.

**II.**    **Discussion**

Robinson believes that the failure of the magistrate judge and this court to appoint him counsel has caused him to lose his case. In his report and

recommendation, the magistrate judge thoroughly set forth the factors that a court must consider in appointing counsel. (Doc. 17, pp. 5-6 n.1.) In his early screening of the complaint, the magistrate judge found that, because Robinson did not submit a legally sufficient complaint and all of his claims failed as a matter of law, the appointment of counsel would be inappropriate. This court agrees.

### III.  Conclusion

Based on the thorough review and reasoning of the magistrate judge in the first report and recommendation (Doc. 5) and the report and recommendation now before the court (Doc. 17), the report and recommendation (Doc. 17) will be adopted.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: May 4, 2016